UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IRVING DILLON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0566 AS |
| ) | |
| JOHN R. VANNATTA ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about September 7, 2005, *pro se* petitioner, Irving Dillon an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on January 27, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Traverse on February 17, 2006, which this court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition he was incarcerated in the MCF in this district.  He was the subject of a prisoner disciplinary proceeding which included a sanction of 30 days in disciplinary segregation, which generally does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995).   The record also seems to speak to a deprivation of credit time of 60 days, which would generally implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974).  The administrative segregation designation here is WCC 05-01-0128.

The Attorney General has placed before this Court a series of documents designated A through F, both inclusive, which explicate in great detail the proceedings involved.

Assuming that *Wolff* applies here, the procedural demands there are present and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

The decisions made by the CAB here are well within its authority and do not run afoul of the Constitution of the United States and particularly the due process clause of the Fourteenth Amendment of that Constitution. *See Viens v. Daniels*, 871 F.2d 1328 (7th Cir. 1989).

The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** March 3, 2006

                                                 **S/ ALLEN SHARP**
                                                **ALLEN SHARP, JUDGE**
                                                **UNITED STATES DISTRICT COURT**